**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Charles Hancock, Jr., ) | No. CV-12-0768-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

We have before us plaintiff's opening brief (doc. 13), defendant's response brief (doc. 14), and plaintiff's reply brief (doc. 17).

**I**

This case arises from a denial by the Social Security Administration of an application for disability benefits filed by plaintiff on September 23, 2009, alleging a disability due to limitations caused by Complex Regional Pain Syndrome[1], with an onset date of July 31,

---

[1] Complex Regional Pain Syndrome is a chronic pain syndrome usually resulting from trauma to a single extremity. The most common acute clinical manifestations include complaints of intense pain and findings indicative of autonomic dysfunction at the site of the precipitating trauma. Spontaneously occurring pain may be associated with abnormalities in the affected region involving the skin, subcutaneous tissue, and bone. It is characteristic of this syndrome that the degree of pain reported is out of proportion to the severity of the

2009. The claim was denied initially and upon reconsideration. After a hearing on January 10, 2011, the administrative law judge (ALJ) issued a decision denying benefits. The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action for judicial review under 42 U.S.C. § 405(g).

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

The ALJ determined that plaintiff has the residual functional capacity to perform sedentary work, except that he can never climb ladders, ropes, scaffolds, ramps or stairs, or balance, kneel or crawl. He can occasionally stoop and crouch, and frequently reach, handle, finger, and feel. He requires the opportunity for a sit/stand option, allowing him to sit or stand at will. His work should be limited to simple, routine, and repetitive tasks, with only occasional decision-making, changes in work setting, or use of judgment. Tr. 22. The ALJ found that plaintiff cannot return to his past relevant work, but he is able to perform other work that is available in the national economy. The ALJ concluded that plaintiff is not disabled and therefore not eligible for benefits.

Plaintiff argues on appeal that the ALJ erred in rejecting the assessments of his treating physicians, John DeGuzman and Mark Spiro. He also argues that the ALJ's rejection of plaintiff's complaints of disabling pain is not supported by clear and convincing reasons.

**II**

---

injury. When left untreated, the signs and symptoms of the disorder may worsen over time. Reply brief, ex. 1.

- 2 -

When evaluating the credibility of subjective complaints, the ALJ must first consider whether there is an underlying medical impairment that could reasonably be expected to produce the claimant's pain or other symptoms. If an underlying impairment is shown, and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms by giving "specific, clear and convincing reasons for the rejection." Chaudhry v. Astrue, 688 F.3d 661, 670-71 (9th Cir. 2012).

The ALJ supported his conclusion that plaintiff's subjective complaints of disabling pain are not fully credible with four explanations. Tr. 14. He first found that plaintiff's complaints are inconsistent with his activities of daily living, which include walking a quarter block daily to get his mail, grocery shopping, doing laundry and dishes, cooking, mopping, vacuuming, yard work, going to movies and the mall, socializing with his girlfriend, playing drums, fishing, boating, and camping. Tr. 23.

The ALJ also explained that, although plaintiff is prescribed pain medication to be taken twice a day, plaintiff only takes the medication once a month–when the pain is severe. This reasonably suggests that the pain and symptoms are not as severe as alleged. The ALJ also noted that plaintiff failed to comply with recommendations made by his treating physician, including choosing not to wear a therapeutic boot and refusing formal physical therapy. Tr. 23. Finally, the ALJ found significant that plaintiff's treating physician, Dr. Turley released the plaintiff to work, encouraging him to find a less physically demanding job. Moreover, plaintiff's treating physician, Dr. DeGuzman, also opined that plaintiff could perform a range of sedentary work. Tr. 391-93. All of these reasons are sufficiently clear and convincing to support the ALJ's conclusion that plaintiff's subjective complaints are not fully credible.

**III**

Plaintiff next contends that the ALJ erred in discounting the opinions of plaintiff's treating physicians. An "ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.' Where such an opinion is contradicted, however, it may be rejected for 'specific and legitimate reasons that

are supported by substantial evidence in the record.'" Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted).

In assessing plaintiff's residual functional capacity, the ALJ considered the opinion of Dr. Turley who opined that he "would like [plaintiff] working if at all possible," and he had "encouraged [plaintiff] to try to find a less physically demanding job." Tr. 24, 378. The ALJ also noted that plaintiff's treating physician, Dr. DeGuzman, opined that plaintiff could perform a range of sedentary work. Tr. 24, 391-93. In addition, with respect to plaintiff's mental functioning, the ALJ referred to opinions by state agency psychologists who opined that plaintiff's mental functioning, and in particular his ability to concentrate and complete tasks, was sufficient to enable him to perform unskilled work. Tr. 24-25, 346, 350.

Plaintiff argues that the ALJ erred in discounting the pain functional capacity assessments of Drs. DeGuzman and Spiro, who opined that plaintiff has moderately severe pain that would seriously affect his ability to concentrate and stay on task. Tr. 374-75, 454-55. The ALJ gave little weight to these assessments because (1) they are inconsistent with Dr. Turley's opinion that plaintiff can return to work, albeit a less physically demanding job; (2) the opinions are inconsistent with two state psychologist opinions that plaintiff has no difficulty with concentration, and that instead he can persevere and concentrate on simple, routine work, Tr. 342, 350; and (3) the opinions are inconsistent with the plaintiff's activities of daily living. Tr. 24. Moreover, the opinions of Drs. DeGuzman and Spiro were based on plaintiff's subjective complaints of pain. Therefore the reliability of those opinions are inextricably intertwined with plaintiff's credibility. The ALJ's conclusion that plaintiff is not fully credible also calls into question the reliability of the pain assessments by Drs. DeGuzman and Spiro. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("Because the present record supports the ALJ in discounting [claimant's] credibility, . . . he was free to disregard [an examining physician's] opinion, which was premised on [claimant's] subjective complaints."). The ALJ gave sufficiently clear and convincing reasons for discounting the opinions of plaintiff's physicians.

**IV**

Based on the foregoing, we conclude that the ALJ's conclusion that plaintiff is not disabled is supported by substantial evidence in the record. Therefore, **IT IS ORDERED AFFIRMING** the decision of the Commissioner denying disability benefits.

DATED this 18th day of January, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge